NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JEREMIAH AUGUSTUS HAMER, *Appellant.*

No. 1 CA-CR 17-0629
FILED 5-1-2018

Appeal from the Superior Court in Mohave County
No. S8015CR201501044
The Honorable Richard D. Lambert, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge David D. Weinzweig joined.

---

**C R U Z**, Judge:

¶1        Jeremiah Augustus Hamer appeals the superior court's order finding he had violated his probation.  This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  Counsel for Hamer has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error.  Hamer was given an opportunity to file a supplemental brief *in propria persona*; he has not done so.  After reviewing the record, we affirm the court's finding of a probation violation.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Pursuant to a plea agreement, the superior court found Hamer guilty of Escape in the Third Degree, a non-dangerous, non-repetitive Class 6 felony in November 2015.[1]  It sentenced Hamer to two years supervised probation.  Condition #6 of his probation required Hamer to follow any written directives issued by the probation officer.  Hamer signed the conditions of his probation.

¶3        In March 2016, Hamer received a written directive to report to the probation office in April 2016.  He failed to appear.  The probation officer made numerous attempts to contact Hamer at his residence, but he was unsuccessful.  He then filed a petition to revoke Hamer's probation in March 2017, alleging that Hamer had violated Condition #6 by failing to report[2] and had violated Condition #7 by changing his residence without prior approval.  Hamer was arrested pursuant to a warrant in June 2017.

---

[1]        Hamer knowingly, intelligently, and voluntarily waived his right to a trial by pleading guilty.

[2]        The petition also alleged Hamer had violated Condition #6 by failing to enroll in a GED program pursuant to a written directive.  However, the State withdrew the allegation before the probation violation hearing.

¶4        At the probation revocation hearing, Hamer admitted he received the written directive to report but had not reported to his probation officer because he did not have a ride. The superior court found the State had proven Hamer had violated Condition #6 but that it had not proven Hamer violated Condition #7. It reinstated Hamer on probation and affirmed all previously imposed terms and conditions.

¶5        Hamer timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and 13-4033.

## DISCUSSION

¶6        We review Hamer's conviction and sentence for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Hamer has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Hamer at all stages of the proceedings, and the sentence imposed was within the statutory guidelines. We decline to order briefing and affirm Hamer's conviction and sentence.

¶7        Upon the filing of this decision, defense counsel shall inform Hamer of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Hamer shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶8        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA